[Civ. No. 3552.   Fourth Dist.   Mar. 25, 1947.]

CALVIN H. CONRON, JR., Respondent, v. FRANK E. WILLIAMS, Appellant.

Waldo R. Bergman for Appellant.

Allan B. Campbell for Respondent.

BARNARD, P. J.—This is an action on a promissory note for $1,750 dated March 25, 1943, due four months after date, and given by the defendant to one Harry E. Moore. The amended complaint alleged that the note was assigned and delivered by Moore to the plaintiff on June 1, 1943, and that the plaintiff is the lawful owner and holder thereof. The answer admitted the execution and nonpayment of the note, but denied that it was transferred in due course and alleged, as a separate defense, that the plaintiff took it after maturity, without consideration, and with full knowledge that it was given for a gambling debt. The court found in favor of the plaintiff with respect to all allegations of the complaint, and found that all defense allegations in the answer were not true. The court erroneously found that the note was assigned on July 1, 1943, apparently because that date was alleged in the original complaint. Any error in this connection is immaterial since the evidence shows, without conflict, that the note was assigned on or before June 1, 1943, before it was due. Judgment for the plaintiff followed and the defendant has appealed.

The only points raised by the appellant are that the evidence shows that the note was not taken by the respondent in the usual course of business, and that the evidence was sufficient to raise a presumption that the plaintiff had knowledge of the illegal transactions affecting the validity of the note. These contentions are without merit.

The evidence is conflicting as to whether or not the note was given in payment of gambling debts. While the appellant so testified, Moore testified that it was given to cover a $500 check previously cashed by him for the appellant and which was not honored by the bank, $550 previously loaned by him to the appellant, and $700 loaned by him to the appellant at

the time the note was given. There was some confirmation of this testimony in that the $700 check given at the time the note was made was deposited by the appellant at a bank and not cashed at Moore's place of business. The court resolved this conflict in favor of the respondent and the appellant does not attack those findings.

Moore and the respondent both testified that this note was assigned as partial payment for professional services rendered by the respondent to Moore. The respondent testified that Moore told him the note was for money he had advanced to the appellant; that the appellant later verified this fact to him; that he talked to the appellant many times before the note became due; that a year after the note was due the appellant, for the first time, told him that the note had been given in payment of gambling debts; and that this was the first time he had heard of that matter. This evidence is undisputed with the exception that the appellant testified that he had no conversation with the respondent until some months after the note became due, that he found out that the respondent had the note sometime in the fall of 1943, and that he then went to see the respondent and told him all about it and told him that he would come in again "after I got straightened out on the deal, and see if I could do something about it."

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.